CARROLL *v.* NEWBERRY STATE HOSPITAL

Appeal from Luce, Baldwin (George S.), J. Submitted Division 3 December 3, 1968, at Grand Rapids. (Docket No. 3,915.) Decided December 20, 1968. Leave to appeal denied April 9, 1969. See 381 Mich 813.

Complaint by Richard Carroll, Aune L. Painter, Sharon J. Puckett, Lila A. Ahtila, Violet Rosenthal, Elsie Vantassel, Belva Miller, Faye I. Gribbell and Evelyn Lent against Newberry State Hospital and State Civil Service Commission for suspensions from employment for failure to obey orders issued by their employer, Newberry State Hospital, and upheld by the State Civil Service Commission. Affirmed. Plaintiffs appeal. Affirmed.

*Rapaport, Siegrist & Miatech* (*Joseph F. Sablich,* of counsel), for plaintiffs.

*Frank J. Kelley,* Attorney General, and *Milton I. Firestone,* Assistant Attorney General, for defendant.

PER CURIAM. The patients at the Newberry State Hospital are housed in a number of separate buildings that are interconnected by a covered porch, called the "cloister", that is glassed in winter and screened in summer. The cloister forms a quadrangle of one mile in length. The front door of

each building opens onto the cloister. The rear doors open to service walks or drives. There are also doors from the cloister to the service ways between the buildings.

For approximately the past 2 years cottage H has been referred to as an "open" cottage. The women patients who live in this building have progressed substantially toward recovery from their illness and are permitted to live in this building without the usual security measures associated with mental hospital wards. The doors are never locked. The patients can come and go. Often there is no attendant on duty at night.

When there is no attendant on duty at cottage H, the staff of the next cottage, cottage G, has the duty of making an inspection of cottage H at intervals.

For about 2 years prior to the first week of December of 1964, the women employees of cottage G with the knowledge of the cottage supervisor had been making night inspections of cottage H in pairs.

During the first week of December, 1964, the director of nurses and the medical superintendent first learned that the women employees were making inspections in pairs. They considered this duplication unnecessary and uneconomical. They ordered the cottage supervisors to send only one woman on an inspection. At the same time, and because there had been employee reports of suspicions of male visitors in cottage H at night, the hospital authorities ordered inspections at closer intervals with each inspection being a complete inspection of the building. Some time later in December when the hospital authorities were satisfied that no male visitors had been found, the inspection procedure was returned to its former pace.

The medical superintendent of Newberry State Hospital issued 2 orders, pursuant to statutory authority under MCLA § 330.15.

One was directed to hospital employees requesting them to go from cottage G to cottage H to make inspections singly.

The second order was a written order requiring union officials to obtain written permission to leave their work assignment during working hours to attend union business.

Both orders were violated, the second by union steward Richard Carroll, and the first by eight female employees; all were suspended and appeal the suspensions.

The civil service commission and the circuit court of Luce county affirmed.

Const 1963, art 6, § 28, provides:

"* * * This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

A review of the record establishes that there was competent, material and substantial evidence to support the findings.

Affirmed. No costs, a public question being involved.

R. B. Burns, P. J., and J. H. Gillis and Corkin, JJ., concurred.